# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

CHRISTIAN DARRELL LEE,
*Prisoner Identification No. 371696 2452455*,

    Petitioner,

v.

WARDEN and
ATTORNEY GENERAL OF MARYLAND,

    Respondents.

Civil Action No. TDC-15-3865

## MEMORANDUM OPINION

Christian Darrell Lee, currently confined at the Maryland Correctional Institution in Hagerstown, Maryland, has filed a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254. The Petition challenges Lee's 2011 conviction in the Circuit Court for Baltimore County, Maryland for first-degree murder and a related firearm offense. On March 2, 2016, Lee supplemented his Petition pursuant to an Order of this Court and filed a document entitled "Motion to Correct and Lift Unlawful and Illegal Detention," which the Court construed as an attachment to the Petition. Respondents filed a Limited Answer to the Petition on June 8, 2016, seeking dismissal of the Petition on the basis that Lee's claims are time-barred. On August 10, 2016, the Court issued an Order granting Lee leave to file a Response to the Limited Answer to explain why his Petition is not time-barred. Lee has not done so. For the reasons set forth below, the Petition is dismissed as time-barred.

## BACKGROUND

On January 18, 2008, Lee was convicted by a jury in the Circuit Court for Baltimore County, Maryland of first-degree murder and the use of a handgun during the commission of a violent crime or felony. Lee appealed the conviction, the judgment of conviction was reversed, and the matter was remanded for a new trial. *See Lee v. State*, 12 A.3d 1238, 1254 (Md. 2011).

Lee entered a guilty plea on November 9, 2011. On December 9, 2011, the court sentenced Lee to life imprisonment, all but 40 years suspended, for the murder charge and 20 years of imprisonment on the firearm charge, to run concurrently. Lee did not file an appeal, so his conviction became final for purposes of direct review on January 9, 2012. *See* Md. Rule 8–204(b)(2) (requiring that an application for leave to appeal be filed in the Court of Special Appeals "within 30 days after entry of the judgment or order from which the appeal is sought").

On April 17, 2012, Lee filed a petition for post-conviction relief in the circuit court, which was denied after a November 14, 2012 hearing. Lee's application for leave to appeal the decision, filed on January 11, 2013, was summarily denied by the Court of Special Appeals in an unreported opinion on November 14, 2013. The court's mandate issued on December 16, 2013. Where, as here, the Court of Special Appeals denies an application for leave to appeal, no further review is available. *See* Md. Code Ann., Cts. & Jud. Proc. § 12–202 (West 2011).

This Court received Lee's undated Petition for Writ of Habeas Corpus on December 17, 2015. Because the envelope in which the Petition was mailed was post-marked December 15, 2015, the Petition shall be deemed filed with this Court on that date. *See Houston v. Lack*, 487 U.S. 266, 270-76 (1988); *United States v. Dorsey*, 988 F. Supp. 917, 919-20 (D. Md. 1998) (holding that a petition shall be deemed to have been filed on the date it was deposited with

prison authorities for mailing under the prison mailbox rule); *see also United States v. McNeill*, 523 F. App'x 979, 982-83 (4th Cir. 2013).

## DISCUSSION

### I. Petition

In his Petition to this Court, Lee claims that he has been denied his right to effective assistance of trial counsel because counsel refused to raise the defense strategy that Lee wanted to present in order to prove his innocence, leaving him with the belief that his only alternative was to plead guilty. Respondents argue that the Petition is time-barred.

### II. Limitations Period

A one-year statute of limitations applies to habeas petitions in non-capital cases for a person convicted in state court. *See* 28 U.S.C. § 2244(d) (2012). Section 2244(d) provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* Here, the one-year limitations period began to run on January 9, 2012, the date of the expiration of the time for seeking direct review. *See* 28 U.S.C. § 2244(d)(1)(A). After 99 days elapsed, the limitations period was tolled during the pendency of Lee's post-conviction proceedings, from April 17, 2012, when he filed his post-conviction application, through December 16, 2013, when the mandate of the Court of Special Appeals issued. *See id.* § 2244(d)(2). From December 16, 2013, Lee had 266 days left on the one-year limitations period, or until September 8, 2014, to file a federal habeas petition. Lee's initial Petition in this Court, however, has been deemed filed on December 15, 2015. There were no further proceedings pending in state court between December 16, 2013 and December 15, 2015 that would have further tolled the limitations period. Thus, Lee's Petition is not timely filed and must be dismissed absent grounds for excusing the error.

Under certain circumstances, the one-year statute of limitations may be subject to equitable tolling. *See Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000). A petitioner seeking equitable tolling must establish that: (1) the petitioner had been pursuing his rights diligently, and (2) "some extraordinary circumstance" prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The extraordinary circumstance must be beyond the petitioner's control or external to the petitioner's own conduct. *Rouse v. Lee,* 339 F.3d 238, 246 (4th Cir. 2003).

Lee has failed to meet this standard. He does, however, generally claim that he is actually innocent of the crimes to which he pleaded guilty. "[A] claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Herrera v. Collins*, 506 U.S. 390, 404 (1993). The Supreme Court has recognized an actual innocence

exception to the limitations period of 28 U.S.C. § 2244. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928, 1934 (2013). To invoke the actual innocence exception, a petitioner must show that, in light of new evidence not presented at trial, "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* at 1928 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)); *see also Calderon v. Thompson*, 523 U.S. 538, 559 (1998). Lee has not proffered any new evidence to support a claim of actual innocence. The actual innocence exception, therefore, does not apply, and Lee's Petition shall be dismissed with prejudice as time-barred under 28 U.S.C. § 2244(d).

### III. Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such cases. Because the accompanying Order is a final order adverse to the applicant, 28 U.S.C. § 2253(c)(1) requires issuance of a certificate of appealability before an appeal can proceed.

A certificate of appealability may issue if the prisoner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects constitutional claims on the merits, a petitioner may satisfy the standard by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a petition is denied on procedural grounds, the petitioner must show that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Id.* at 478.

Here, Lee's claims are dismissed on procedural grounds, and this Court finds that Lee has not made the requisite showing to warrant a certificate of appealability. The Court therefore declines to issue a certificate of appealability. Lee may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

## CONCLUSION

For the foregoing reasons, the Court dismisses the Petition for Writ of Habeas Corpus with prejudice as time-barred and declines to issue a certificate of appealability. A separate Order shall issue.

Date: February 7, 2017

THEODORE D. CHUANG
United States District Judge